UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOLLY VIRGINIA OLSON,

    Plaintiff,

v.                                              Case No: 2:17-cv-521-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Holly Virginia Olson's Complaint, filed on September 21, 2017. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum detailing their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On July 10, 2013, Plaintiff filed an application for disability insurance benefits. (Tr. at 148, 248-51). Plaintiff asserted an onset date of March 27, 2013. (*Id.* at 248). Plaintiff's application was denied initially on May 1, 2014 and on reconsideration on August 20, 2014. (*Id.* at 148, 166). Administrative Law Judge Yvette N. Diamond (the "ALJ") held a hearing on April 26, 2016. (*Id.* at 88-134). The ALJ issued an unfavorable decision on June 2, 2016. (*Id.* at 30-42). The ALJ found Plaintiff not to be under a disability from March 27, 2013, the alleged onset date, through March 31, 2014, the date last insured. (*Id.* at 42).

On July 30, 2017, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-6). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on September 21, 2017. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 14).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

2

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through March 31, 2014. (Tr. at 32). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of March 27, 2013 through her date last insured of March 31, 2014. (*Id.*). At step two, the ALJ determined that through the date last insured, Plaintiff suffered from the following severe impairments: "degenerative disc disease, neuropathy, spinal stenosis, right shoulder impairment, and arthritis (20 [C.F.R. §] 404.1520(c))." *Id.* At step three, the ALJ determined that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (*Id*. at 33).

> At step four – through the date last insured – the ALJ determined:
>
> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b), except the claimant could lift and carry twenty pounds occasionally and ten pounds frequently; stand or walk for six out of eight hours; and sit for six out of eight hours. The claimant could occasionally climb stairs, balance, stoop, kneel, and crouch, but could not climb ladders or crawl. The claimant could occasionally reach overhead with the right upper extremity. She required the option to change positions between sitting and standing every thirty minutes, and could not have concentrated exposure to vibration and hazards.

(Tr. at 34).

The ALJ determined that Plaintiff was able to perform her past relevant work as a real estate agent. (*Id.* at 39). Alternatively, at step five, the ALJ determined that considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.* at 40). The ALJ noted that the vocational expert identified the following representative occupations that Plaintiff was able to perform through the date last insured: (1) office helper, DOT # 239.567-010, light exertional level, SVP2, unskilled; (2) storage facility clerk, DOT # 295.367-026, light exertional level, SVP 2, unskilled; and (3) label coder, DOT # 920.587-014, light exertional level, SVP 2, unskilled. (*Id.* at 41).[2] The ALJ concluded that Plaintiff was not under a disability from March 27, 2013, the alleged onset date, through March 31, 2014, the date last insured.. (*Id.* at 42).

**D.    Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

4

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

On appeal, Plaintiff raises three issues. As stated by the parties, they are:

(1) Whether the ALJ properly considered the opinion of State agency physician, Dr. Henry, concerning Plaintiff's limitations on reaching with her right arm when the ALJ omitted Dr. Henry's limitation related to reaching in front and laterally with her right arm despite the ALJ giving Dr. Henry's opinion great weight.

(2) Whether the ALJ properly concluded that Plaintiff could perform her past relevant work as actually and generally performed because the physical requirements of the job as actually performed conflicted with Plaintiff's RFC limitations and because the vocational expert incorrectly classified Plaintiff's past relevant work as real estate agent rather than real estate sales agent.

(3) Whether the ALJ properly considered and weighed Plaintiff's therapy records that indicated significant physical restrictions.

(Doc. 21 at 11-12, 21, 30). The Court addresses each issue in turn.

### A. Whether the ALJ Properly Considered Dr. Henry's Opinion

Plaintiff states that the ALJ gave great weight to the opinion of State agency medical consultant, Lionel Henry, M.D. (Doc. 21 at 13). Plaintiff asserts that in the decision, the ALJ's only disagreement with Dr. Henry's opinion was that Plaintiff was actually more limited in

performing postural maneuvers than found by Dr. Henry found. (*Id.*). Thus, the ALJ added a limitation in Plaintiff's RFC that allows for a change in position between sitting and standing. (*Id.*). Plaintiff argues, however, that the ALJ erred in failing to include in the RFC Dr. Henry's limitations on Plaintiff's ability to reach in all directions occasionally with the right arm. (*Id.*). Plaintiff contends that this error resulted in a further error when the ALJ did not include this additional limitation in the hypothetical posed to the vocational expert. (*Id.* at 14). Thus, Plaintiff asserts that the ALJ's decision that Plaintiff is capable of performing the work listed in the decision is not supported by substantial evidence. (*Id.* at 15).

The Commissioner argues that Plaintiff is not as limited as Plaintiff alleged and the objective medical evidence supports the ALJ's assessment of Plaintiff's RFC during the relevant period. (*Id.* at 18-19). Further, the Commissioner argues that the ALJ is not required "to adopt Dr. Henry's opinion verbatim merely because she gave great weight to Dr. Henry's opinion." (*Id.* at 20). The Commissioner contends that the responsibility for assessing a claimant's RFC rests with the ALJ, not any doctor and, in this case, the ALJ considered all of the relevant evidence when assessing Plaintiff's RFC. (*Id.*).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79

(11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.* In the instant case, however, Dr. Henry is not treating physician, but instead one-time non-examining consultant. Thus, Dr. Henry's opinion is not entitled to the same deference as treating physicians' opinions.

Even though examining doctors' opinions are not entitled to deference, an ALJ is nonetheless required to consider every medical opinion. *Bennett v. Astrue*, No. 308-CV-646-J-JRK, 2009 WL 2868924, at *2 (M.D. Fla. Sept. 2, 2009) (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)). "The ALJ is to consider a number of factors in determining how much weight to give to each medical opinion: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's 'opinion is with the record as a whole'; and (5) the doctor's specialization." *Forsyth v. Comm'r of Soc. Sec.*, 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)).

In this case, the ALJ "gave great weight to the opinion provided by Lionel Henry, M.D., the State Agency medical consultant at the reconsideration level (Exhibit 4A)." (Tr. at 37). The

ALJ noted that Dr. Henry opined that Plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently, stand and/or walk six hours in an eight-hour day, sit for six hours in an eight-hour day, "can occasionally lift with her right shoulder," and must avoid concentrated exposure to hazards. (*Id.* at 34, 37). The ALJ noted that although Dr. Henry is a "non-treating, non-examining medical source, his opinion is based upon a thorough review of the available medical record and a comprehensive understanding of agency rules and regulations." (*Id.* at 37).

Among Dr. Henry's finding, Dr. Henry determined that Plaintiff was limited in reaching in any direction, including overhead. (*Id.* at 162). Dr. Henry also found that Plaintiff was limited on the right side to reaching in front and/or laterally as well as overhead. (*Id.*). Specifically, Dr. Henry limited Plaintiff's lifting *and reaching* with the right arm/shoulder to occasionally. (*Id.*).

In the decision, the ALJ summarized Dr. Henry's opinion, but only included his finding that Plaintiff can lift with her right shoulder occasionally. (*Id.* at 37). In RFC, the ALJ also only limited Plaintiff to "occasionally reach[ing] overhead with the right upper extremity." (*Id.* at 34). The ALJ does not mention Dr. Henry's limitation as to reaching in front and laterally with the right arm and shoulder. (*Id.* at 162). Further, the ALJ does not explain why when giving "great weight" to Dr. Henry's opinion, she does not include this limitation for occasional reaching in front and laterally with the right arm and shoulder. Given this lack of explanation, the Court is unable to conduct a meaningful judicial review of the ALJ's opinion concerning why these limitations were not a part of Plaintiff's RFC. *See Robinson v. Astrue*, No. 8:08-CV-1824-T-TGW, 2009 WL 2386058, at *4 (M.D. Fla. Aug. 3, 2009). Thus, the Court finds that the ALJ's decision is not supported by substantial evidence regarding Plaintiff's limitations her RFC as to her right arm and shoulder.

In addition, the ALJ posed hypothetical questions to the vocational expert to determine whether Plaintiff was able to perform her past relevant work or other jobs in the national economy. (Tr. at 127-29). The ALJ asked the vocational expert to assume the individual was limited, *inter alia*, to "occasional overhead reaching with the right upper extremity." (*Id.* at 127).

If an administrative law judge decides to use a vocational expert, for the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Winschel*, 631 F.3d at 1180. However, an ALJ is not required to include findings in the hypothetical that the ALJ found to be unsupported by the record. *Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011) (citing *Crawford*, 363 F.3d at 1161).

In this case, the ALJ did not explain why she did not adopt Dr. Henry's limitations related to reaching laterally and in front with the right arm and shoulder in Plaintiff's RFC and, thus, did not include this limitation in the hypothetical to the vocational expert. Without any explanation, the Court cannot determine if the ALJ did not find this limitation supported by substantial evidence or simply failed to include it in the RFC and in the hypothetical to the vocational expert. Accordingly, the Court is unable to determine if the hypothetical posed to the vocational expert included all of the Plaintiff's limitations and, without this determination, the Court cannot determine if the vocational expert's testimony constitutes substantial evidence. Thus, the Court finds that the ALJ's decision is not supported by substantial evidence.

### B. Plaintiff's Remaining Arguments

Plaintiff's remaining issues focus on whether Plaintiff can perform her past relevant work and whether the ALJ properly weighed the therapy records. (Doc. 21 at 21, 30). Because the Court finds that on remand, the Commissioner must reevaluate Plaintiff's limitations and her

residual functional capacity in light of all of the evidence of record, the disposition of these remaining issues would, at this time, be premature.

**III. Conclusion**

Upon consideration of the submission of the parties and the administrative record, the Court finds that the decision of the Commissioner is not supported by substantial evidence.

**IT IS HEREBY ORDERED:**

(1) The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider: (1) Plaintiff's limitations; (2) Plaintiff's residual functional capacity; (3) Plaintiff's past relevant work; and (4) the therapy records.

(2) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

(3) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE AND ORDERED** in Fort Myers, Florida on October 30, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties